UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TOWNSEL MYERS, JR., | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-114 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER DENYING WITHOUT PREJUDICE MOTIONS FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Petitioner is an inmate incarcerated at TDCJ-CID's Jester 4 Unit in Richmond, Texas (D.E. 1). In his complaint, he challenged his Nueces County conviction and the conditions of his confinement at the Jester 4 Unit (D.E. 1). Petitioner's conditions of confinement claims were severed and transferred to the Houston Division (D.E. 5), and he was ordered to file a Section 2254 petition if it was also his intent to challenge his Nueces County conviction (D.E. 5, 6). Petitioner filed his Section 2254 Petition, was granted leave to proceed *in forma pauperis*, and service of process was ordered on May 8, 2014 (D.E. 7, 21).

Pending are two applications for injunctive relief, claiming that officials at the Jester 4 Unit are attempting to murder Petitioner, are denying him access to commissary and to the courts, throwing rocks at him, denying him food, and committing crimes against him (D.E. 12, 15). He requests that Respondents "cease operations, using, use of tangible property, seen or unseen, with the intent to assault. . . " (D.E. 12).

In order to obtain a preliminary injunction under Fed. R. Civ. P. 65(a), the applicant must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) the injunction will not disserve the public interest. *Sepulvado v. Jindal,* 729 F.3d 413, 417 (5th Cir. 2013) (internal citations and quotations omitted), *cert. denied,* 134 S.Ct. 1789 (2014). Injunctive relief is an extraordinary remedy which requires the applicant to unequivocally show the need for its issuance. *Texans for Free Enterprise v. Texas Ethics Com'n*, 732 F.3d 535, 536-37 (5th Cir. 2013). Plaintiff must carry the burden as to all four elements before a preliminary injunction may be considered. *Voting for America, Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (internal quotations and citations omitted).

In the context of prison litigation challenging the conditions of confinement, additional limitations apply. 18 U.S.C. § 3626(a)(2). Injunctive relief must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm," giving "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief . . . ." *Id.* Section 3626 applies here because it applies to any civil "proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison . . . ." 18 U.S.C. § 3626(g)(2).

Even assuming that Petitioner could meet the difficult test for a preliminary injunction, Petitioner cannot request injunctive relief in this § 2254 proceeding. Section 2254 is intended to address the fact or duration of confinement, and not the conditions of his confinement. *Cook v. Tex. Dep't Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). Petitioner's requests should be filed in his conditions of confinement lawsuit pending in the Houston Division of the Southern District of Texas. Accordingly, Petitioner's motions for injunctive relief (D.E. 12, 15) are denied without prejudice so that he may raise them in the Houston Division of the Southern District of Texas, the appropriate venue for his claims.

ORDERED this 19th day of May, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE