UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TOWNSEL MYERS, JR., | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-114 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Criminal Institutions Division ("TDCJ-CID") and currently is incarcerated at the Jester 4 Unit in Richmond, Texas. The actions about which he complains occurred in Nueces County, Texas. Proceeding *pro se*, petitioner filed this petition pursuant to 28 U.S.C. §§ 2241 and 2254 on April 1, 2014.[1] The underlying conviction which is the subject of the petition is a 1978 Nueces County conviction for murder. Petitioner claims that his constitutional rights were violated during the trial proceedings. Respondent filed a motion for summary judgment on August 21, 2014 (D.E. 64). Petitioner has filed a number of pleadings since that time but none of them appear to address the issue raised in the motion for summary judgment. For the reasons set forth below, it is recommended that Respondent's Motion for Summary Judgment be granted and Petitioner's Application for Habeas Corpus Relief

---

[1] Petitioner stated under penalty of perjury that he placed his petition in the prison mail system on April 1, 2014 and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) and Rule 3, Rules Governing Section 2254 Cases.

1 / 8

be dismissed without prejudice. It is further recommended that any request for a Certificate of Appealability be denied.

## BACKGROUND

The Thirteenth Court of Appeals, described the facts in this case as follows:

> [T]he defendant, with two companions, drove his automobile to a convenience store. As they approached the store, the defendant saw a green car in which the deceased was a passenger. There was evidence that the deceased and the defendant had been involved in several violent altercations in the past. As the defendant neared the green car, the deceased exhibited a pistol. At the request of Charles Canada, a passenger in the defendant's car, the defendant stopped his car and Canada got out. The defendant then proceeded to follow the green car. When the defendant pulled his car alongside the green car he again saw the deceased holding a pistol. The defendant then pointed a shotgun at the deceased and fired. The deceased was struck in the head and died shortly thereafter.

*Myers v. Texas*, 626 S.W.2d 86, 87 (Tex. App. –Corpus Christi 1981, no pet.)(located herein at *Ex Parte Myers*, WR-13,072-01 at 20-23; D.E. 63-11 at 24-27).

Petitioner was tried in front of a jury and convicted of murder on October 20, 1978. *Ex Parte Myers*, WR-072-01 at 6 (D.E. 63-11 at 10). He filed a direct appeal and his conviction was affirmed on October 29, 1981. *Myers*, 626 S.W.2d at 89. Petitioner filed an application for habeas relief in state court and the Texas Court of Criminal Appeals denied it without written order on November 9, 1983. *Ex Parte Myers*, WR-072-01 at "Action Taken" page (D.E. 63-11 at 2). Petitioner filed a second habeas application in state court and it was denied without written order on the findings of the trial court without a hearing on July 15, 1987. *Ex Parte Myers*, WR-072-02 at "Action Taken" page (D.E. 63-12 at 2).

Petitioner has filed two applications for habeas relief in federal court related to the murder conviction, both of which were denied. *See Myers v. McCotter*, No. C-86-66 (S.D. Tex. 1987) and *Myers v. Lynaugh*, No. C-87-178 (S.D. Tex. 1989) (located herein as Exs. B and C to Mot. for Sum. Jmt., D.E. 64-3 and D.E. 64-4). In his current petition, Petitioner asserts the following: (1) he was acting in self-defense when he shot the victim; (2) evidence used against him was tainted by perjury and malicious prosecution; (3) the prosecutor made improper remarks during closing arguments and (4) false information was given to the grand jury.

In his motion for summary judgment, Respondent argues that Petitioner's claims are second or successive. Petitioner has filed a number of pleadings since Respondent filed his motion for summary judgment, some of which address his 1978 conviction and others which appear to address other convictions. In none of the pleadings does Petitioner respond to Respondent's argument that his petition is second or successive.[2]

## DISCUSSION

### A. Second or Successive

A petition is "second or successive" if it raises a ground that was or could have been raised in an earlier petition, or if it otherwise constitutes an abuse of the writ. *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). Pursuant to 28 U.S.C. § 2244(b)(3)(A), before a second or successive application for habeas corpus relief is filed in the district court, the applicant must move in the court of appeals for an

---

[2] Petitioner has filed several other pleadings in which he asserts civil rights causes of action.

order authorizing the district court to consider the application. "Indeed, the purpose of [§ 2244(b)] was to eliminate the need for the district courts to repeatedly consider the challenges to the same convictions unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

Petitioner could have raised the same issues in his first or second federal habeas application that he raises in his current one. Therefore, his instant petition bringing up those claims clearly is "second or successive."

This court lacks jurisdiction over a habeas action that is "second or successive." *See Key*, 205 F.3d at 774; *Hooker v Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999). This court may either dismiss the claim without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, or it may transfer the successive petition to the Fifth Circuit for a determination of whether petitioner should be allowed to file the successive motion in the district court. *See* 28 U.S.C. §2244 (b)(3)(A). *See also Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997)(approving practice of transferring successive motions to the Circuit and establishing procedures in the Circuit to handle such transfers).

Because Petitioner has presented neither argument nor evidence indicating that he will be able to make a prima facie showing that his application satisfies the statute, dismissal without prejudice would be more efficient and better serve the interests of justice than a transfer to the Fifth Circuit. Accordingly, it is recommended that

Petitioner's habeas corpus claim be dismissed without prejudice to re-filing if proper authorization from the Fifth Circuit is obtained.

### B. Other Claims

Petitioner has filed many additional pleadings in which he appears to complain about his conditions of confinement or alleges facts indicating he wishes to file a civil rights complaint under 42 U.S.C. § 1983.  *See* D.E. 50, 52, 53, 55, 57, 60, 68, 69, 81, 83-87, 89 and 90.  Petitioner has been admonished that he must file a separate civil rights lawsuit in the district where he is incarcerated if he wishes to seek compensation for civil rights violations, but has continued to file the pleadings in this action.  It is recommended that the docket entries noted above be struck because they have nothing to do with the habeas corpus application under consideration.

### C. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed.  See *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. Daniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

A slightly different standard applies when the claims are dismissed on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 120 S.Ct. at 1604.

In Petitioner's case, it is recommended that his claims be dismissed on procedural grounds. Reasonable jurists would not find it debatable that Petitioner's claims are second or successive and that this court lacks jurisdiction to hear them. Nor would jurists of reason debate whether the petition states a valid claim of the denial of a constitutional right. Therefore it is further recommended that any request for a COA be denied because he has not made the necessary showing for issuance of a COA.

## **RECOMMENDATION**

Based on the foregoing, it is respectfully recommended that Respondent's motion for summary judgment (D.E. 64) be granted. Petitioner's application for habeas corpus relief should be dismissed without prejudice because it is second or successive and this court lacks jurisdiction to hear it. It is further recommended that a Certificate of Appealability be denied. Finally, it is recommended that to the extent Petitioner raised any § 1983 claims related to the conditions of his confinement, all such claims be struck without prejudice to Petitioner's right to file the claims in the Houston Division where he is incarcerated.

Respectfully submitted this 16th day of January, 2015.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).