Case 2:14-cv-00114   Document 98   Filed in TXSD on 10/07/16   Page 1 of 3
United States District Court
Southern District of Texas
**ENTERED**
October 07, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| TOWNSEL MYERS JR., § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:14-CV-114 |
| § | |
| WILLIAM STEPHENS, § | |
| § | |
| Respondent. § | |

## OPINION AND ORDER DENYING CONSTRUED
## MOTION FOR RELIEF FROM JUDGMENT

On February 4, 2015, Petitioner's § 2254 application was dismissed without prejudice because it was second or successive and Petitioner had not obtained permission of the Fifth Circuit Court of Appeals to file it (D.E. 95, 96). 28 U.S.C. § 2244(b)(3)(a). A Certificate of Appealability was denied (*Id.*). No appeal was filed. On September 28, 2016, Petitioner moved to re-open his case (D.E. 97).

### Applicable Law

A motion that challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Rule 59 or a motion for relief from judgment under Rule 60(b). *Ford v. Elsbury,* 32 F.3d 931, 937 n. 7 (5th Cir. 1994). If the motion is filed within twenty-eight (28) days of entry of judgment, the motion falls under Rule 59. *Id.* If it is filed after that, it falls under Rule 60(b). *Id.* In this case, final judgment was entered in February of 2015. Therefore the motion will be construed as a motion for relief from judgment pursuant to FED. R. CIV. P. 60(b).

Federal Rule of Civil Procedure 60(b) states in pertinent part:

(b) **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

- (1) mistake, inadvertence, surprise, or excusable neglect;
- (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
- (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
- (4) the judgment is void;
- (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
- (6) any other reason that justifies relief.

Final judgments should not be lightly disturbed. *In re Marinez*, 589 F.3d 772, 776-77 (5th Cir. 2009). For reasons one, two, or three above, the motion must be made no more than a year after entry of the judgment or order or the date of the proceeding. FED. R. CIV. P. 60(c)(1).

In his motion, Petitioner appears to be raising a claim of discovery of new evidence that proves he is actually innocent. He requests that the Court:

> get someone to actual go on Westpoint St. to see if you can see someone driving petitioner car at night. Hopkin could not see who car were driven behind because the headlights would be shining through the back window. Also you can see no one in the car in front of you neither.

(D.E. 97 at 1-2). Petitioner failed to file his motion within one year of entry of final judgment. The motion is untimely, and is denied without prejudice.[1]

ORDERED this 7th day of October, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

---

[1] To raise this claim of newly discovered evidence, Petitioner would also need to obtain permission of the Fifth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A); *Gonzalez v. Crosby,* 545 U.S. 524 (2005).